1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREGORY C. BONTEMPS,

11          Plaintiff,                          No. CIV S-09-2115 EFB P

12      vs.

13   SOTAK, et al.,

14          Defendants.                         ORDER

15   _____/

16      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  On February 1, 2010, the court dismissed plaintiff's complaint with leave to

18   amend.[1]  On June 7, 2010, plaintiff filed an amended complaint which is now before the court for

19   screening.

20      Federal courts must engage in a preliminary screening of cases in which prisoners seek

21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

23   _____

24          [1] Plaintiff initially failed to file an amended complaint as directed by the February 1
     order.  Therefore, on April 13, 2010, the court issued findings and recommendations,
     recommending that this action be dismissed for failure to state a claim.  Dckt. No. 13.  In light of
25   the amended complaint filed by plaintiff on June 7, 2010, the court vacates the April 13, 2010
     findings and recommendations and screens the amended complaint pursuant to 28 U.S.C. §
26   1915A(a).

1

1  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

2  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

3  relief." *Id.* § 1915A(b).

4        In the original screening order, the court found that plaintiff had not stated a cognizable

5  claims against any defendant.  Dckt. No. 9.  The court explained:

6        Plaintiff claims that defendant Sotak took plaintiff's right foot out of its air
         cast and stopped plaintiff's medication.  Plaintiff claims to be in pain everyday.
7        Plaintiff does not explain why he had an air cast on his right foot or why he had
         previously received medication.  Plaintiff also claims that he is supposed to see an
8        outside doctor but that this has not happened yet.  Plaintiff identifies Tidwell in
         his complaint, but only alleges that Tidwell is a supervisor.
9
         It appears that plaintiff intends to pursue a claim based on deliberate
10       indifference to his medical needs. To state a claim defendants provided
         constitutionally inadequate medical care, plaintiff must allege acts or omissions
11       evidencing identified defendants knew of and disregarded plaintiff's serious
         medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer*, 511 U.S. at
12       835-37. Plaintiff has not done so.  The court also notes that neither defendant's
         negligence nor plaintiff's general disagreement with the treatment he received
13       suffices to state a claim.  *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*,
         838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th
14       Cir. 1996).

15       Furthermore, plaintiff may not sue any supervisor on a theory that the
         supervisor is liable for the acts of his or her subordinates.  *See Polk County v.*
16       *Dodson*, 454 U.S. 312, 325 (1981).  However, a supervisor may be held liable in
         his or her individual capacity "'for his own culpable action or inaction in the
17       training, supervision or control of his subordinates.'" *Watkins v. City of Oakland,*
         *Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*,
18       946 F.2d 630, 646 (9th Cir. 1991)).  "A supervisor is only liable for constitutional
         violations of his subordinates if the supervisor participated in or directed the
19       violations, or knew of the violations and failed to act to prevent them." *Taylor v.*
         *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).
20
         Plaintiff must file an amended complaint to proceed.  Plaintiff's amended
21       complaint, should he file one, must clearly identify the individuals he intends to
         name as defendants.  Plaintiff must also include sufficient factual allegations
22       linking each defendant to an act or omission that would indicate a deprivation of
         plaintiff's federal rights.
23

24  *Id.* at 3-4.  The court also warned plaintiff that unrelated claims against different defendants must

25  be pursued in different lawsuits.  *Id.* at 4.

26  ////

2

1       Plaintiff's amended complaint is not at all responsive to the court's original screening

2  order.  In the amended complaint, plaintiff purports to bring a class action on behalf of "all

3  unconvicted, pre-trial detainees" as well as "post-trial detainess, convicted and sentenced

4  prisoners, who are or will in the future be incarcerated" at Rio Consumnes Correctional Center.

5  Am. Compl. at 9.  The court notes, as a threshold matter, that plaintiff, who is incarcerated and

6  proceeding pro se, cannot "fairly and adequately protect the interests of the class," as required by

7  Rule 23(a)(4) of the Federal Rules of Civil Procedure.  *See Halet v. Wend Inv. Co.*, 672 F.2d

8  1305, 1308 (9th Cir.1982) (stating that a party must assert his own rights, not those of third

9  parties) (citing *Duke Power Co. v. Carolina Envtl Study Group*, 438 U.S. 59, 80 (1978)); *Warth*

10  *v. Seldin*, 422 U.S. 490, 499 (1974) ("The Art. III judicial power exists only to redress or

11  otherwise to protect against injury to the complaining party, even though the court's judgment

12  may benefit others collaterally.  A federal court's jurisdiction therefore can be invoked only

13  when the plaintiff himself has suffered 'some threatened or actual injury resulting from the

14  putatively illegal action . . . .'"); *see also Swygert v. Veal*, 2008 U.S. Dist. LEXIS 34655, 2008

15  WL 724193, at *3 (E.D. Cal. Mar. 17, 2008) ("It is well established that a layperson cannot

16  ordinarily represent the interests of a class. . . . This rule becomes almost absolute when, as here,

17  the putative class representative is incarcerated and proceeding pro se.").  In any event, plaintiff

18  has not complied with the requirements of Rule 23 and this action, therefore, will not be

19  construed as a class action and instead will be construed as an individual civil suit brought by

20  plaintiff.

21       The amended complaint includes a lengthy list of alleged constitutional violations.

22  However, the allegations do not indicate a deprivation of plaintiff's rights.  Instead, the

23  allegations are presented in conclusory terms and apply to the purported class as a whole, and

24  not specifically to plaintiff.  Additionally, defendants are not individually linked to alleged

25  violations, but are instead lumped together throughout the complaint as "defendants." *See, e.g.,*

26  Am. Compl. ¶ 22 ("Defendant deny plaintiffs meaningful and adequate contact with the general

1   community . . . ."), ¶ 29 ("Defendants deny plaintiffs an adequate diet to support a healthy body,

2   and as a result, the majority of plaintiffs suffer continuous minor illnesses."), ¶ 38 ("defendants

3   impose punishments upon prisoners for violations of Jail rules without notice . . . ."). The

4   amended complaint must be dismissed for failure to state a claim because it makes no allegations

5   linking specific actions or omissions by specific defendants to a deprivation of plaintiff's rights.

6        Further, the amended complaint also violates Rule 8(a) of the Federal Rules of Civil

7   Procedure. It is so prolix and obscure that the court cannot reasonably discern who is being

8   sued, and why (i.e. based on what facts and what legally cognizable causes of action). Thus, the

9   court cannot discharge its responsibility under § 1915A until plaintiff complies with the pleading

10  requirements set forth in Rule 8. This rule requires the pleader to set forth his averments in a

11  simple, concise, and direct manner. The degree of simplicity and conciseness required depends

12  on the subject matter of the litigation, the nature of the claims or defenses presented and the

13  number of parties involved. Wright & Miller, *Federal Practice & Procedure*, vol. 5 § 1281 & n.

14  12 (1990) (explaining that an antitrust or copyright pleading due to its complexity, must be

15  pleaded with more detail than a simple negligence complaint). Before undertaking to determine

16  whether the complaint may have merit, the court may insist upon compliance with its rules. *See*

17  *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including

18  prisoners lacking access to counsel); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)

19  (encouraging "firm application" of federal rules in prisoner cases).

20       Because the amended complaint fails to comply with the court's February 1, 2010 order,

21  fails to state a cognizable claim, and violates Rule 8, it is dismissed. To proceed, plaintiff must

22  file a second amended complaint.

23       Any amended complaint must correct the deficiencies identified by the court in this

24  order, as well as the February 1, 2010 order. The court notes that the original complaint

25  attempted to state medical related claims against defendants Sotak and Tidwell. Plaintiff is

26  warned that he may not change the nature of this suit by alleging new, unrelated claims in an

4

1  amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

2  complaints).

3      Should plaintiff choose to file a second amended complaint, he shall identify each

4  defendant in both the caption and the body of the amended complaint, and clearly set forth the

5  allegations against each such defendant.   Any amended complaint must be complete in itself

6  without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d

7  55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is

8  superseded.

9      Accordingly, the court hereby ORDERS that:

10      1.  The April 13, 2010 findings and recommendations are vacated; and

11      2.  The complaint is dismissed with leave to amend within 30 days.  The amended

12  complaint must bear the docket number assigned to this case and be titled "Second Amended

13  Complaint."  Failure to file an amended complaint will result in dismissal for failure to state a

14  claim.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed

15  with service of process by the United States Marshal.

16  Dated:  October 27, 2010.

17

18  EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5