IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

    Plaintiff,                            No. CIV S-09-2115 LKK EFB P

    vs.

SOTAK, et al.,

    Defendants.                     <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On October 27, 2010, the court dismissed plaintiff's amended complaint with leave to amend. On November 30, 2010, plaintiff filed a second amended complaint, which the court now screens.

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

1

1    In the original screening order, the court found that plaintiff had not stated a cognizable

2 claims against any defendant. Dckt. No. 9. The court explained:

> Plaintiff claims that defendant Sotak took plaintiff's right foot out of its air cast and stopped plaintiff's medication. Plaintiff claims to be in pain everyday. Plaintiff does not explain why he had an air cast on his right foot or why he had previously received medication. Plaintiff also claims that he is supposed to see an outside doctor but that this has not happened yet. Plaintiff identifies Tidwell in his complaint, but only alleges that Tidwell is a supervisor.
>
> It appears that plaintiff intends to pursue a claim based on deliberate indifference to his medical needs. To state a claim defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer*, 511 U.S. at 835-37. Plaintiff has not done so. The court also notes that neither defendant's negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).
>
> Furthermore, plaintiff may not sue any supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). However, a supervisor may be held liable in his or her individual capacity "'for his own culpable action or inaction in the training, supervision or control of his subordinates.'" *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).
>
> Plaintiff must file an amended complaint to proceed. Plaintiff's amended complaint, should he file one, must clearly identify the individuals he intends to name as defendants. Plaintiff must also include sufficient factual allegations linking each defendant to an act or omission that would indicate a deprivation of plaintiff's federal rights.

*Id.* at 3-4. In the second amended complaint, plaintiff alleges that he was attacked and injured by another inmate. Defendants Sotak, Smith, and Slayball allegedly took away plaintiff's air cast, back brace and medication, and removed plaintiff from the "medical floor" so that the inmate who attacked plaintiff would not sue them. Defendants Tidwell and Cannon allegedly transferred plaintiff back and forth between institutions at a time when plaintiff's lawyers were trying to see him.

////

The second amended complaint does not cure the deficiencies identified by the court's original screening order. As plaintiff has been made aware, to state a claim based on constitutionally inadequate medical care, he must allege specific acts or omissions showing that defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994). While plaintiff alleges he was injured, he does not describe his alleged injury. Further, plaintiff claims defendants moved him from the medical floor, deprived him of a back brace, an air cast and medication, but he does not allege how or why these actions affected any serious medical need, or if any serious medical need existed. Plaintiff has failed to allege facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Accordingly, plaintiff has failed to state a cognizable Eighth Amendment claim of deliberate indifference to medical needs.

Plaintiff's allegations also suggest that defendants Tidwell and Cannon may have interfered with plaintiff's ability to communicate with his lawyers. To the extent plaintiff intends to allege a claim based on the denial of his right of access to the courts, such claim fails. In *Lewis v. Casey*, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. 518 U.S. at 351, 354-55. The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354-55. To state a claim he was denied access to the courts, plaintiff must allege that the deprivation actually injured his litigation efforts, in that defendants hindered his efforts to bring, or caused him to lose, an actionable claim of this type. *See id.* at 351. Plaintiff has failed to provide factual allegations demonstrating such a deprivation. Accordingly, plaintiff has failed to state a cognizable access to the courts claim.

The court will grant plaintiff one final opportunity to file an amended complaint curing the deficiencies identified by the court in this order, as well as the February 1, 2010 order.

3

Plaintiff is warned that he may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Should plaintiff choose to file a third amended complaint, he shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant. Any amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Accordingly, the court hereby ORDERS that the second amended complaint is dismissed for failure to state a claim, with leave to amend within 30 days. The third amended complaint must bear the docket number assigned to this case and be titled "Third Amended Complaint." Failure to file an amended complaint will result in a recommendation that this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: March 24, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4