IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

      Plaintiff,                                 No. CIV S-09-2115 LKK EFB P

      vs.

SOTAK, et al.,

      Defendants.                             <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  His case was referred to the undersigned under Local Rule 302(c)(17), pursuant to 28 U.S.C. § 636(b)(1).  Currently pending before the court is plaintiff's third amended complaint, filed after two dismissals pursuant to 28 U.S.C. § 1915.  The court will dismiss the third amended complaint and grant plaintiff a final opportunity to submit an amended complaint.

**I.    Background**

      The court granted plaintiff leave to proceed *in forma pauperis* on February 1, 2010, and dismissed the original complaint with leave to amend.  Dckt. No. 9.  That order explained that pursuant to 28 U.S.C. § 1915A(a), the court is directed to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune

1

defendant.

The court dismissed the original complaint for failure to state a claim. The court informed plaintiff that if he intended to pursue an Eighth Amendment claim based on defendants' deliberate indifference to his medical needs, he must allege acts or omissions showing that identified defendants knew of and disregarded plaintiff's serious medical needs. The court further informed plaintiff that he must include sufficient factual allegations linking each named defendant to an act or omission that would indicate a deprivation of plaintiff's federal rights.

Plaintiff filed an amended complaint, which was not at all responsive to the court's initial screening order. Plaintiff purported to bring a class action on behalf of "all unconvicted, pre-trial detainees" as well as "post-trial detainess, convicted and sentenced prisoners, who are or will in the future be incarcerated" at Rio Consumnes Correctional Center. Dckt. No. 14 at 9. The court dismissed the first amended complaint for failure to comply with the original screening order, failure to state a claim and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to include "a short and plain statement of the claim" showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); Dckt. No. 16.

The court granted plaintiff leave to file a second amended complaint, which plaintiff filed. The court dismissed the second amended complaint for failure to state a claim, as plaintiff had not alleged how any of the defendants' alleged actions affected any serious medical need, or if any serious medical need existed. Dckt. No. 19. The court also informed plaintiff that if he intended to pursue a First Amendment access to the courts claim, he must allege that the defendants' actions actually injured his litigation efforts. The court granted plaintiff one final opportunity file an amended complaint curing the deficiencies identified by the court in its multiple screening orders. In an abundance of caution, the court will give plaintiff one more opportunity to file an amended complaint. For the reasons stated below, the third amended complaint fails to state a claim.

## II. Third Amended Complaint

Plaintiff alleges he was injured at Mule Creek State Prison in 2002. His alleged injuries included a fractured right foot and severe lower back pain. Defendant Smith was the attending doctor at Mule Creek. As a result of his injuries, doctors apparently gave plaintiff an air-cast for his right foot, a back brace, and medication.

Plaintiff claims that at some later time, he was re-arrested and placed in county jail. When he was arrested, he apparently had his air-cast and back brace and was housed on the medical floor of the jail.

Plaintiff alleges that defendants Sotak and Slayball witnessed plaintiff get into a fight with another inmate. Defendant Sotak, a doctor, allegedly took away plaintiff's cast, back brace, and medication without examining plaintiff, simply because of the fact that plaintiff had fought. At Sotak's direction, defendant Slayball allegedly moved plaintiff out of the medical floor. Plaintiff alleges defendants Sotak and Slayball were made aware of plaintiff's injuries by defendant Smith. Plaintiff claims he needed the air-cast to walk and the back brace for comfort.

Plaintiff also claims that defendants Cannon and Tidwell contacted defendant Slayball, who would move plaintiff around, in order to interfere with plaintiff's ability to speak with his attorney.

Plaintiff does not identify any theory of liability in his complaint. The court cannot determine any basis for imposing liability against defendant Smith. As for any potential claims against the remaining defendants, plaintiff is hereby informed as follows.

### A. Eighth Amendment Claim

It is not clear from the complaint whether plaintiff was a pretrial detainee at the times alleged in his complaint, or a post-trial prisoner confined because of a criminal judgment and sentence. A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

To state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

Here, the complaint does not show that plaintiff's medical needs, at the time the alleged violations occurred, were objectively serious.

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.* However,

it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Here, the complaint does not allege facts showing defendants were deliberately indifferent. Plaintiff claims defendant Sotak and/or Slayball took away plaintiff's air cast, back brace, and medication, and removed plaintiff from the medical floor. There are no facts suggesting that by taking away plaintiff's back brace and medication, and removing plaintiff from the medical floor, any defendant exposed plaintiff to a substantial risk of serious harm. Although plaintiff claims he could not walk without the air-cast, he does not allege facts showing that the confiscation of the air-cast exposed him to a substantial risk of serious harm.

**B.    Access to the Court Claim**

The complaint alleges defendants Tidwell, Cannon, and Slayball may have interfered with plaintiff's ability to communicate with his lawyers. As the court previously informed plaintiff, if he intends to pursue a claim based on the denial of his right of access to the courts, such claim fails. In *Lewis v. Casey*, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. 518 U.S. at 351, 354-55. The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354-55. To state a claim he was denied access to the courts, plaintiff must allege that the deprivation actually injured his litigation efforts, in that defendants hindered his efforts to bring, or caused him to lose, an actionable claim of this type.

*See id.* at 351. Plaintiff has failed to provide factual allegations demonstrating such a deprivation. Accordingly, plaintiff has failed to state a cognizable access to the courts claim.

### III. Final Opportunity to Amend

The court will grant plaintiff a final opportunity to file a fourth amended complaint curing the deficiencies identified in this order, as well as in the court's previous screening orders. Plaintiff is warned that he may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Should plaintiff choose to file a fourth amended complaint, he shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, any amended complaint must include "a short and plain statement of the claim" showing entitlement to relief. Fed. R. Civ. P. 8(a)(2).

Any amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Accordingly, the court hereby ORDERS that the third amended complaint is dismissed for failure to state a claim, with leave to amend within 30 days. The fourth amended complaint must bear the docket number assigned to this case and be titled "Fourth Amended Complaint." Failure to file an amended complaint will result in a recommendation that this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: September 19, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE