IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

Plaintiff,

No. CIV S-09-2115 LKK EFB P

vs.

SOTAK, et al.,

Defendants.

ORDER AND
FINDINGS AND RECOMMENDATIONS

______________________________/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This case was referred to the undersigned under Local Rule 302(c)(17), pursuant to 28 U.S.C. § 636(b)(1). Currently pending before the court is plaintiff's fourth amended complaint, filed after three dismissals pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable claim under the Eighth Amendment for alleged deliberate indifference to medical needs as to defendants Smith and Sotak. However, the complaint does not state a cognizable claim against defendants Cannon, Tidwell, or Slayball. The complaint alleges that Cannon and Tidwell transferred plaintiff between county facilities, and "messed up" paperwork. The complaint also alleges that Slayball moved plaintiff to a different floor, as a "safety issue."

To state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The allegations against defendants Cannon, Tidwell, and Slayball fail under these standards, and therefore, these defendants should be dismissed. Plaintiff has had several opportunities to amend and appears unable to allege a cognizable claim for relief against these defendants. *See* Dckt. Nos. 9, 16, 19, 22. Therefore, the court will recommend that defendants Cannon, Tidwell, and Slayball be dismissed from this action. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, it is hereby ORDERED that:

1. Service is appropriate for defendants Smith and Sotak.

2. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and one copy of the October 13, 2011 fourth amended complaint.

3. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 forms and three copies of the endorsed October 13, 2011 fourth amended complaint.

4. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants Smith and Sotak pursuant to Federal Rule of Civil Procedure 4 without payment of costs. Failure to comply with this order will result in a recommendation that this action be dismissed.

Further, it is hereby RECOMMENDED that defendants Cannon, Tidwell, and Slayball be dismissed without prejudice due to plaintiff's failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 4, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

Plaintiff, No. CIV S-09-2115 LKK EFB P

vs.

SOTAK, et al.,

Defendants. NOTICE OF SUBMISSION OF DOCUMENTS

_______________________________/

Plaintiff hereby submits the following documents in compliance with the court's order filed _________________:

__1___ completed summons form

__2___ completed forms USM-285

__3__ copies of the October 13, 2011 Fourth Amended Complaint

Dated:

______________________________
Plaintiff