IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

      Plaintiff,                    No. 2:09-cv-2115 LKK EFB P

   vs.

SOTAK, et al.,

      Defendants.          <u>ORDER</u>

                           /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The United States Marshal ("Marshal") has requested reimbursement of expenses incurred in personally serving defendant Sotak. Dckt. No. 46.

      On March 30, 2012, the court ordered the United States Marshal to serve process upon defendant Sotak. Dckt. No. 39. The Marshal was directed to attempt to secure a waiver of service before personally serving any defendant. However, if a waiver of service was not returned within 60 days as to any defendant, the Marshal was directed to (1) personally serve that defendant without prepayment of costs under Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c); and (2) file the return of service with evidence of attempts to secure a waiver and costs subsequently incurred in effecting personal service.

////

The return of service filed with the Marshal's USM-285 form shows that the Marshal mailed defendant a waiver of service on April 6, 2012. Dckt. No. 46. The form also shows that the waiver of service was not returned to the Marshal within 60 days. *Id.* The Marshal was therefore required to complete personal service on defendant. The form shows that the total cost of personal service was $56.12. *Id.*

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part:

> An individual . . . that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.
>
> . . .
>
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant the expenses later incurred in making service . . . .

Fed. R. Civ. P. 4(d)(1)-(2). Thus, the Marshal may be entitled to the costs sought, as it appears that defendant was given the opportunity required by Rule 4(d)(2) to waive service but failed to do so.

Accordingly, the court hereby ORDERS that:

1. Within 14 days from the date of service of this order, defendant Sotak shall pay to the United States Marshal the sum of $56.12, unless within that time defendant files a written statement showing good cause for failing to waive service.

2. The Clerk of the Court shall serve a copy of this order on the U.S. Marshal.

DATED: July 24, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE