IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

        Plaintiff,                  No. 2:09-cv-2115 LKK EFB P

    vs.

SOTAK, et al.,

                                   ORDER AND
        Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Defendants Smith and Sotak move to revoke plaintiff's in forma pauperis status. *See* Dckt. Nos. 40 (motion filed by Smith), 49 (Sotak's joinder in motion). Defendant Sotak also moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dckt. No. 50. For the following reasons, it is recommended that both motions be denied.

**I.    Motion to Revoke Plaintiff's In Forma Pauperis Status**

       Defendants request that the court revoke plaintiff's in forma pauperis status because plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim, and does not meet the "imminent danger" of immediate physical injury exception under section 1915(g). Defendants also contend that plaintiff's in forma pauperis status should

1


be revoked because plaintiff's litigation practices demonstrate that he is an abusive filer. Dckt. No. 40, 49. Plaintiff filed an opposition and defendants filed a reply. Dckt. Nos. 44, 45. Thereafter, plaintiff filed an unauthorized "declaration" in opposition to defendants' motion, Dckt. No. 55, which defendant Smith moves to strike, Dckt. No. 56. The Local Rules provide only for a motion, an opposition, and a reply. E.D. Local Rule 230. Plaintiff neither sought nor obtained court approval before filing his declaration. Accordingly, the undersigned does not consider it in resolving defendants' motion.

### A.     28 U.S.C. § 1915(g)

Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Pursuant to section 1915(g) a prisoner with three "strikes," meaning prior cases or appeals, brought while the plaintiff was a prisoner that were dismissed as frivolous, malicious, or for failure to state a claim, cannot proceed in forma pauperis. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005); *see also Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 893 (9th Cir. 2011) (dismissal for lack of subject-matter jurisdiction does not qualify as a strike for purposes of § 1915(g)).

Whether an action was dismissed because it was frivolous, malicious or failed to state a claim turns on an evaluation of the dismissal order and other relevant information. *Id.* at 1121; *see also Moore*, 657 F.3d at 895 (whether dismissal order counts as a strike depends on "reasonable interpretation" of order); *O'Neal v. Price*, 531 F.3d 1146, 1153-55 (9th Cir. 2008) (disposition of complaint, either with or without prejudice, constitutes a "dismissal" for purposes of section 1915(g)).

////

Defendants bear the initial burden of producing documentary evidence that allows the court to conclude that the plaintiff has suffered three strikes. *Andrews*, 398 F.3d at 1120 (because docket records will not always reflect the basis for the dismissal, defendants "must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was 'frivolous, malicious or failed to state a claim.'"). If defendants meet this burden, the burden then shifts to the prisoner plaintiff, who must either explain why a prior dismissal should not count as a strike or show that he satisfies the "imminent danger of serious physical injury" exception to § 1915(g). *See id.* "[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

In this case, defendants point to five actions filed by plaintiff that they contend were dismissed as frivolous or malicious and to another five actions filed by plaintiff that they contend were dismissed for failure to state a claim.[1] Based on these dismissals, defendants submit that plaintiff has accumulated at least ten strikes for purposes of 28 U.S.C. § 1915(g). As discussed below, however, defendants fail to demonstrate that any of the ten actions qualify as strikes.

First, defendants contend that the following actions were dismissed as frivolous or malicious: (1) *Bontemps v. Martinez*, 4:95-cv-00766-SBA (N.D. Cal.); (2) *Bontemps v. Charter Corporation*, 4:95-cv-00254-SBA (N.D. Cal.); (3) *Bontemps v. Jacobson*, 4:95-cv-00329-SBA (N.D. Cal.); (4) *Bontemps v. Pilot*, 4:95-cv-00052-SBA (N.D. Cal.); and (5) *Bontemps v. Plummer*, 3:94-cv-01244-SBA (N.D. Cal.). Defendants do not produce the actual dismissal orders for any of these actions. Rather, defendants produce printouts that list the docket entries for the actions and include abbreviated descriptions of those entries. Dckt. No. 40 (Req. for Jud.

---

[1] The court hereby takes judicial notice of the court records submitted with defendants' motion. *See* Fed. R. Evid. 201(b) (allowing a court to take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *see also MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

3

Notice "RJN")), Exs. 6-10. The printouts for the *Martinez* and *Jacobson* cases show only that those cases were dismissed when the court denied plaintiff's application to proceed in forma pauperis. *Id.*, Exs. 6, 8. While an inference might be drawn that the application was denied for the reasons respondent suggests (lack of merit rather than indigency), without the order denying the application, the court cannot evaluate the text of the order to make the required determination. It is defendants' initial burden to produce documentary evidence that the plaintiff has incurred the three strikes. *Andrews*, 398 F.3d at 1120 Similarly, the printouts for *Charter Corporation* and *Pilot* show only that the court denied plaintiff's application to proceed in forma pauperis and that the cases were closed. *Id.*, Exs. 7, 9. The printout for *Plummer* shows that the case was dismissed approximately one month after the court denied plaintiff's request for class certification and dismissed some of plaintiff's claims with prejudice. *Id.*, Ex. 10. The printouts do not include the court's reasons for either denying plaintiff's applications to proceed in forma pauperis or for dismissing his cases. *See id.*, Exs. 6-10. Courts dismiss cases for any number of reasons and frequently deny applications to proceed in forma pauperis for reasons other than a finding that the action is frivolous, malicious or fails to state a claim. Courts often deny applications to proceed in forma pauperis where they lack jurisdiction for reasons unrelated to the merits, or because of a defect in the application, such as an inadequate showing of indigency. Defendants' representation that these five actions were dismissed as frivolous or malicious is entirely unsupported and the court cannot just assume that any of the five actions was dismissed on those grounds. Accordingly, the court cannot conclude that any of these dismissals count as strikes.

Second, defendants contend that the following actions were dismissed for failure to state a claim: (1) *Bontemps v. Kramer*, 2:06-cv-02483 (E.D. Cal.); (2) *Bontemps v. Kramer*, 2:06-cv-02580 (E.D. Cal.); (3) *Bontemps v. Polit*, 3:95-cv-00765-MMC (N.D. Cal.); (4) *Bontemps v. Gray*, 2:07-cv-00710-MCE-CMK (E.D. Cal.); and (5) *Bontemps v. George*, 4:95-cv-00253-SBA (N.D. Cal.). Like the first five dismissals, defendants do not produce

4

evidence showing that any of these dismissals should count as strikes.

Defendants' evidence shows that the two *Kramer* actions and the *Gray* action were dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 110, after plaintiff failed to file an amended complaint in accordance with the court's orders dismissing plaintiff's complaint with leave to amend for failure to state a claim. RJN, Exs. 1, 2, 5. Defendants contend that these dismissals count as strikes because Ninth Circuit case law does not require that a dismissal order explicitly cite section 1915(g) in order for it to count as a strike. Dckt. No. 40 at 3. Defendants further contend that the dismissals count as strikes because Ninth Circuit case law provides that when a court dismisses a complaint with leave to amend for failure to state a claim, and plaintiff does not take advantage of that opportunity, the court may convert the dismissal of the complaint into dismissal of the entire action. *Id.* (citing *O'Neal*, 531 F.3d at 1155). In the two *Kramer* actions and the *Gray* action, however, the court did not "convert" the dismissal of the complaint into dismissal of the entire action. Rather, the court dismissed the actions pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 110. Rule 41(b) permits involuntary dismissal for plaintiff's failure to prosecute, to comply with the Rules, or with a court order. Local Rule 110 permits the imposition "of any and all sanctions authorized by statute or Rule or within the inherent power of the Court" for the failure of counsel or a party to comply with the Local Rules on any court order. Although the order of dismissal need not cite to section 1915(g) for it to qualify as a strike, it will only so qualify if it can be reasonably interpreted as being premised on one of the reasons enumerated in section 1915(g). *See Moore*, 657 F.3d at 895. Here, defendants have not demonstrated how these dismissal orders can be reasonably interpreted as being premised on a reason listed in section 1915(g). *See Keeton v. Cox*, No. CIV-S-06-1094, 2009 U.S. Dist. LEXIS 19617, at *17 (E.D. Cal. Mar. 12, 2009) ("That plaintiff did not accept the invitation to recast his complaints does not render the ultimate dismissals, as articulated by the respective presiding judges, determinations that the actions did not state claims and thus could not have moved forward.").

For the *Polit* and *George* actions, defendants again produce only the docket printouts. RJN, Exs. 3, 4. The printouts show that the court dismissed *Polit* for failure to prosecute pursuant to Rule 41(b) and that the court dismissed *George* approximately two months after dismissing the complaint with leave to amend. Defendants' evidence does not show that either action was dismissed for failure to state a claim. If, as defendants contend, the actions were dismissed for the reasons they assert, defendants could, and should have obtained and submitted the documentation to establish that fact.

Accordingly, defendants' motion to revoke plaintiff's in forma pauperis status pursuant to § 1915(g) must be denied.

**B.     Pattern of Abusive Litigation in Forma Pauperis**

Defendants also argue that plaintiff's in forma pauperis status should be revoked because he is an "abusive filer." The "court has the inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis." *Visser v. Supreme Court of California*, 919 F.2d 113, 114 (9th Cir. 1990) (citing *In re McDonald*, 489 U.S. 180 (1989). In *Visser*, the court denied the petitioner leave to proceed in forma pauperis because he had "engaged in a pattern of litigation which [was] manifestly abusive." *Id.* (explaining that in the previous sixteen months, petitioner had sought leave to proceed in forma pauperis in eleven mandamus actions where the petitions consisted of "vague rambling diatribes"). If it were properly established that plaintiff had ten or more actions dismissed as frivolous, defendants' argument might warrant dismissal. But defendants have not provided the necessary documentation to support the argument. As discussed below, defendants' evidence of plaintiff's litigation history does not demonstrate that the court should revoke plaintiff's in forma pauperis status.

Defendants' evidence shows that plaintiff has filed five appeals with the U.S. Court of Appeals for the Ninth Circuit. RJN, Ex. 13 (listing appeals filed in 1991, 1993, 1995, 1996, and 1999). Aside from showing that at least three of the appeals were tied to habeas corpus proceedings, defendants' evidence does not demonstrate what issues plaintiff raised in these

6

appeals. Consequently, there is no way for the court to determine if the appeals resembled the "vague rambling diatribes" described in *Visser*. Again, if the assertion is true, defendants could, and should have obtained and submitted the appropriate evidence to support this motion. Nor does defendants' evidence show whether plaintiff requested leave to proceed in forma pauperis in those appeals or how the appeals were resolved. This absence of evidence prevents the court from finding that any of plaintiff's appeals demonstrate that he has engaged in "abusive litigation in forma pauperis," or that he is otherwise ineligible to proceed in forma pauperis. *See Visser*, 919 F.2d at 114.

Plaintiff's litigation history also shows that in 1998 and 2007, he filed habeas petitions in federal district court. RJN, Ex. 13 (numbers 2 and 10 on the Pacer Case Locator Printout). Once again, defendants' evidence does not show whether plaintiff requested in forma pauperis status in either action or how the court resolved either petition. Therefore, defendants fail to show why either habeas action demonstrates that the court should restrict plaintiff's ability to proceed in forma pauperis.

Plaintiff's litigation history also shows that between the years of 1994 and 1995, plaintiff filed fourteen civil actions in federal district court. RJN, Ex. 13 (numbers 11-24 on the Pacer Case Locator Printout). As to six of those cases, defendants' evidence does not show whether plaintiff requested leave to proceed in forma pauperis, or how the court resolved the cases. *See id.* (numbers 13, 15-18, 23 on Pacer Case Locator Printout). In another five cases, the record shows that the court dismissed actions in which plaintiff had requested leave to proceed in forma pauperis. *Id.*, Exs. 6-10; *see also* RJN, Ex. 13 (numbers 11, 20-22, 24 on Pacer Case Locator Printout). However, it is not clear from the record exactly why the court closed any of these five cases and it is defendants' burden to provide the documentation necessary to make such a determination. *See id.*, Exs. 6-10 (docket printouts showing only that the court denied the in forma pauperis application and/or dismissed the case). In another case, defendants' evidence shows that the court granted defendants' summary judgment motion, which plaintiff did not

1 oppose, and then dismissed the case. *See id.*, Ex. 11 (docket printout); *see also id.*, Ex. 13
2 (number 12 on Pacer Case Locator Printout). Lastly, plaintiff requested leave to proceed in
3 forma pauperis in two cases that the court dismissed because of plaintiff's failure to prosecute.
4 *See id.*, Exs. 3, 4 (docket printouts); *see also id.*, Ex. 13 (numbers 14 and 19).

5 Plaintiff filed fourteen actions in the years 1994 and 1995. That history certainly
6 suggests that plaintiff is litigious. But that history alone, with nothing in the record to show that
7 plaintiff's filings in these fourteen cases amounted to a pattern of abusive litigation, fails to meet
8 defendants' burden on this motion. Defendants contend that the "sheer volume" of plaintiff's
9 filings and the fact that he "has yet to prevail" in any action, is enough to deem him an abusive
10 filer. Dckt. No. 40 at 5-6. But defendants do not actually submit evidence showing that plaintiff
11 has never been successful in litigation. *See id.* at 6 (citing to RJN, Ex. 13, which merely includes
12 the date a case was closed, but no explanation as to why). Regardless, the court is not inclined to
13 revoke plaintiff's in forma pauperis status absent a showing of a continued pattern of abusive
14 litigation in the fourteen years preceding plaintiff's filing of the instant action.

15 More recently, plaintiff filed four civil actions in federal district court. *See* RJN, Ex. 13
16 (numbers 3-6, listing cases filed in 2006 and 2007). In those actions, plaintiff requested leave to
17 proceed in forma pauperis, and the cases appear to have been dismissed for plaintiff's failure to
18 prosecute. *Id.*, Exs. 1, 2, & 5 (each dismissed after plaintiff failed to file an amended complaint),
19 12 (dismissed after plaintiff failed to file an amended complaint or submit documents for service
20 of process). Defendants, citing to *Bell v. Dikin*, No. 1:10-cv-1346-OWW-GBC, 2011 U.S. Dist.
21 LEXIS 37263, at *6 n.1 (E.D. Cal. Apr. 4, 2011), contend that "Plaintiff's practice of litigating
22 an action for months, or even years, and then allowing the action to be dismissed for failure to
23 prosecute, also shows that Plaintiff is an abusive filer." Dckt. No. 40 at 6. In *Bell*, the court
24 found that the plaintiff had demonstrated a pattern of abusive filing where he had, on several
25 occasions, brought an action to the point of trial and then failed to prosecute the case. *Bell*, 2011
26 U.S. Dist. LEXIS 37263, at *6. Finding that the plaintiff had at least three strikes for purposes

of § 1915(g), the court revoked the plaintiff's in forma pauperis status. *See id.* at *10. Here, however, defendants have not demonstrated that plaintiff engaged in such an abusive pattern or that he is otherwise subject to § 1915(g). Rather, the record shows that despite being given the opportunity to ameliorate the defects in his complaints, he simply chose not to. This is not grounds for revoking plaintiff's in forma pauperis application. *See Keeton*, 2009 U.S. Dist. LEXIS 19617.

Finally, defendants's evidence shows that in 2010 and 2012, plaintiff filed two civil actions in federal district court. RJN, Ex. 13 (numbers 8, 9 on Pacer Case Locator Printout). Those actions are still pending and nothing in the record suggests that they establish a pattern of abusive litigation by plaintiff.

In sum, defendants have not produced the documentary evidence to show that plaintiff's litigation history should result in the revocation of his in forma pauperis status.

Defendants also note that plaintiff misrepresented his litigation history in his Second Amended Complaint, which has since been superceded, because plaintiff stated that he had only one previous or pending lawsuit in addition to this case. Dckt. No. 40 at 6 (citing Dckt. No. 17). The court will not sanction plaintiff for his failure to disclose prior lawsuits, but if he intentionally misleads the court in the future, he will be sanctioned accordingly. Plaintiff is admonished that failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, or orders of this court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Pro se plaintiffs are subject to the same rules of procedure as other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (1987).

////
////
////
////

## II. Motion to Dismiss for Failure to State A Claim

Defendant Sotak moves to dismiss plaintiff's Fifth Amended Complaint, or in the alternative, his Fourth Amended Complaint, for failure to state a claim upon which relief can be granted. Dckt. No. 50. Plaintiff filed an opposition, and defendant filed a reply. Dckt. Nos. 57, 58. As discussed below, defendant's motion must be denied.

### A. Background

On October 13, 2011, after four dismissals pursuant to 28 U.S.C. § 1915A, *see* Dckt. Nos. 9, 16, 19, 22, plaintiff filed a Fourth Amended Complaint, Dckt. No. 24. It alleges that after being attacked by another inmate, defendant Sotak took away plaintiff's air cast, which he needed for his fractured right foot, and that defendants Smith and Sotak also took away his back brace, which he needed for a spinal injury. It further alleges that despite being mobility impaired and having a chrono for a wheelchair, defendants Smith and Sotak took this from plaintiff too. Plaintiff claims that defendants Smith and Sotak failed to provide him with medical care and that their medical opinions were shaped by the requests of custody staff. Plaintiff alleges he was without his wheelchair, back brace, and air cast for seventeen months. *Id.* at 38. He claims that this caused him pain and further injury, because he was housed on the second floor and had difficulties traversing the stairs, and because he had to rely on other inmates to lift him to walk, which hurt his back, especially because he did not have his back brace. *Id.* at 39.

The court found, for the limited purposes of § 1915A screening, that the Fourth Amended Complaint stated a potentially cognizable Eighth Amendment claim against defendants Smith and Sotak for deliberate indifference to plaintiff's medical needs. Dckt. No. 25. The court also recommended that plaintiff's claims against defendants Cannon, Tidwell, and Slayball be dismissed, because despite several opportunities to amend, plaintiff was unable to allege a cognizable claim against them. *Id.* On April 16, 2012, the assigned district judge dismissed defendants Cannon, Tidwell and Slayball. Dckt. No. 41.

////

On April 23, 2012 and August 3, 2012, plaintiff filed amended complaints. Dckt. Nos. 42 (Fifth Amended Complaint), 52 (Sixth Amended Complaint). Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Here, plaintiff had already amended his complaint four times. *See* Dckt. Nos. 14, 17, 20, 24. Thus, he was not free to amend his complaint without leave of court or defendants' written consent.[2] Construing plaintiff's amended complaints as motions to amend in accordance with Rule 15(a)(2), they must be denied, as the proposed amendments are both improper and futile.

In the Fifth Amended Complaint, plaintiff does not name either Sotak or Smith as defendants. Dckt. No. 42. Unless plaintiff wishes to abandon his claims against Sotak and Smith, the Fifth Amended Complaint does not comply with the requirement that it be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal., L.R. 220. This is required because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting

---

[2] Defendant Sotak suggests that the Fifth Amended Complaint is the operative pleading because, despite having amended his complaint on multiple occasions, plaintiff was still free to amend "as of right" under Rule 15(a)(1). Dckt. No. 50 at 4. Even if plaintiff had been free to amend in accordance with Rule 15(a)(1), the April 23, 2012 Fifth Amended Complaint would not have been properly filed because it was neither filed within 21 days after serving the Fourth Amended Complaint, *see* Dckt. No. 36, nor within 21 days after service of a responsive pleading or a Rule 12 motion. *See* Fed. R. Civ. P. 15(a)(1).

11

1 *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). Additionally, the Fifth Amended Complaint is
2 inconsistent with this court's orders, as it names as defendants Cannon, Tidwell and Slayball,
3 who were previously dismissed from this action. Dckt. No. 41. The proposed amendments in
4 the Fifth Amended Complaint are also futile because once again, they are so vague and
5 conclusory that they fail to state a cognizable claim for relief. *See* Dckt. No. 42.

6 In the Sixth Amended Complaint, plaintiff names Ron Barnes as a defendant and claims
7 he was subjected to an improper search. Dckt. No. 52. Again, the pleading is not complete in
8 itself without reference to an earlier filed complaint. Moreover, the allegations are improper
9 because plaintiff may not change the nature of this suit by alleging new, unrelated claims in an
10 amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
11 complaints); Fed. R. Civ. P 20(a). If plaintiff wishes to pursue an unrelated claim against Ron
12 Barnes, he must commence a new civil action after exhausting his available administrative
13 remedies.

14 For these reasons, plaintiff's Fifth and Sixth Amended Complaints are stricken, and this
15 case proceeds on the Fourth Amended Complaint and the court addresses below the motion to
16 dismiss as it relates to that complaint. Absent leave of court, plaintiff may not further amend his
17 complaint.

18 **B.     Rule 12(b)(6) Standard**

19 To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain
20 "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*
21 *Twombly*, 550 U.S. 544, 570 (2007); *id.* at 554-56, 562-63 (stating that the 12(b)(6) standard that
22 dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would
23 entitle him to relief "has been questioned, criticized, and explained away long enough," and that
24 having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an
25 accepted pleading standard"). Thus, the facts pleaded in the complaint must amount to "more
26 than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.*

at 555. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Nor need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before

13

dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### C. Discussion

To state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To show deliberate indifference, the prisoner must establish that the defendant knew of and disregarded an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Defendant contends that plaintiff's claim against him should be dismissed with prejudice because the facts alleged in the Fourth Amended Complaint fail to show deliberate indifference or that he was exposed to a substantial risk of serious harm or suffered an injury. Defendant also points to a medical record, apparently drafted by defendant Sotak, that is attached as an exhibit to plaintiff's complaint. The exhibit includes a notation stating that plaintiff would be provided with a "post op walking shoe," and that plaintiff did not need his air cast. *See* Dckt. No. 24 at 25. Defendant argues that plaintiff's claim should be dismissed as a result because it does not allege facts to show that this alternative treatment was anything more than difference of opinion.

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. Cal. 2001) (citation omitted)). However, when a complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.*, 815 F.2d 1265,

1267 (9th Cir. 1987), *cert. denied sub. nom. Wyoming Community Dev. Auth. v. Durning*, 484 U.S. 944 (1987). Just because plaintiff attached this medical record to his complaint does not mean that he has adopted as true all of the statements in the document, especially given that the exhibit consists of factual assertions by defendant, not plaintiff. *See Furnace v. Sullivan*, No. C-07-4441-MMC, 2008 U.S. Dist. LEXIS 93464, at *13-14 (N.D. Cal. Nov. 10, 2008) (citing *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 674 (2d Cir. 1995)). Moreover, the complaint does not allege that defendant offered plaintiff an alternative treatment.

Defendant may, at a later stage of the litigation, choose to test the sufficiency of plaintiff's evidence to prove his allegations, as well as the sufficiency of plaintiff's evidence to dispute defendant's factual claim that alternative treatment was offered. But this instant motion is brought under Rule 12(b)(6) and is not the procedure for disputing the facts alleged in the complaint. *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."). Rather, at this stage in the proceedings, the court must take the factual allegations in plaintiff's complaint as true and construe them in a light most favorable to the nonmoving party. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The issue here is whether the facts alleged, if true, would entitle plaintiff to relief on the claim asserted.

Accepting the truth of plaintiff's allegations, the complaint alleges more than a mere "difference of opinion." It alleges that after plaintiff was involved in an altercation with another inmate, defendants made decisions about plaintiff's medical care not based on plaintiff's serious medical needs, but instead, based on requests from custody staff. *See, e.g., Gonzalez v. Garbarino*, No. C 11-5561 CW, 2012 U.S. Dist. LEXIS 51723, at *3 (N.D. Cal. Apr. 12, 2012) (liberally construed, plaintiff's allegations that defendant doctors' medical decisions were based on pressure they received from custody staff stated cognizable claim for deliberate indifference).

15

It further alleges that those decisions caused plaintiff to experience pain and further injured him. It alleges that plaintiff faced a substantial risk of harm because the medical devices that were *required* for his injuries, which included a back injury and a fractured foot, were taken from him for an extended period of time and for reasons that were not medically indicated. *See, e.g., Womack v. Bakewell*, No. CIV S-10-2778 DAD P, 2011 U.S. Dist. LEXIS 144514, at *17 (E.D. Cal. Dec. 14, 2011) ("If proven, the defendants' alleged denial of plaintiff's requests for an assistive device and/or defendants' alleged interference with plaintiff's prescribed medical care could very well amount to a violation of plaintiff's constitutional rights") (citing *Estelle*, 429 U.S. at 104-05); *Lavender v. Lampert*, 242 F. Supp. 2d 821, 849 (D. Or. 2002) (depriving mobility impaired inmate of wheelchair and appropriate footwear, while he continues to suffer pain and injury, may constitutes deliberate indifference).  Plaintiff has set forth sufficient allegations to proceed on his claim that defendants were deliberately indifferent to his medical needs.

Defendant also moves to dismiss plaintiff's state law claims for failure to comply with the California Tort Claims Act.  Dckt. No. 50 at 6. There are no state law claims to dismiss because the court did not identify any state law claims in its screening order, and because plaintiff does not argue in his opposition that he intends to proceed with any state law claims. Dckt. Nos. 25, 57.  *See* E.D. Cal. L.R. 230(l) (failure to oppose may be deemed waiver of any opposition).

### III. Order and Recommendation

Accordingly, it is hereby ORDERED that:

1. Defendant Smith's motion to strike (Dckt. No. 56) is granted in that plaintiff's August 4, 2012 filing (Dckt. No. 55) is disregarded.

2. Plaintiff's Fifth and Sixth Amended Complaints (Dckt. Nos. 42, 52) are stricken.

////

////

Further, it is hereby RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status (Dckt. No. 40) be denied.

2. Defendant Sotak's motion to dismiss for failure to state a claim (Dckt. No. 50) be denied.

3. Defendants Smith and Sotak be directed to file a responsive pleading in accordance with the requirements set forth in Rule 12 of the Federal Rules of Civil Procedure.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 16, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE