1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                        FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    GREGORY C. BONTEMPS,                     No.  2:09-cv-2115-MCE-EFB P

10                 Plaintiff,

11          v.                               FINDINGS AND RECOMMENDATIONS

12   SOTAK, et al.,

13                 Defendants.

14

15          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

16   U.S.C. § 1983.  Defendants move to revoke plaintiff's *in forma pauperis* status, and to declare

17   him a three-strikes litigant, and to dismiss his complaint.  ECF Nos. 74, 75.  For the reasons

18   stated below, it is recommended that the motion be granted.

19   **I.  Background**

20          Plaintiff alleges that defendants provided inadequate medical care during his incarceration

21   in the Sacramento County Jail.  ECF No. 24.  Plaintiff was granted leave to proceed in forma

22   pauperis ("IFP status") on February 1, 2010, ECF No. 9, and after a series of amended complaints

23   and service issues, defendant Smith, joined by defendant Sotak, filed a motion to revoke that

24   status.  ECF Nos. 40, 49.  The motion to revoke was denied based on a finding that Smith had not

25   met his burden of producing evidence showing that plaintiff had three prior cases that fell within

26   the "three strikes" language of 28 U.S.C. § 1915(g).  ECF Nos. 59, 61.  Defendant Sotak now

27   returns with another motion to revoke plaintiff's IFP status, which defendant Smith joins.  ECF

28   Nos. 74, 75.

                                                    1

**II.  Motion to Revoke In Forma Pauperis Status**

Defendants contend in their new motion that since the denial of the prior motion, "there have been four subsequent recommendations recommending that IFP status be revoked in plaintiff's other Eastern District cases, two of which have already been reviewed de novo by the District Judge and adopted in full."  ECF No. 74-1 at 3.  According to defendants, the four subsequent recommendations and orders all counted as strikes, the following three previous cases which this court did not count as strikes in ruling on the prior motion.  Those cases are:

> 1.  *Bontemps v. Kramer et al.,* E.D. Cal. Case No. 2:06-cv-02483 (*Kramer I*);

> 2.  *Bontemps v. Kramer et al.,* E.D. Cal. Case No. 2:06-cv-02580 (*Kramer II*); and

> 3.  *Bontemps v. Gray et al.,* E.D. Cal. Case No. 2:07-cv-00710 (*Gray*).

Defendants argue that the analysis in the four Eastern District cases counting *Kramer I & II* and *Gray* as strikes should be applied here.  Although review of those cases reveals that the question of plaintiff's "three strikes" status is not as simple as defendants represent, the undersigned concludes that defendant Sotak has made the requisite showing that these cases should qualify as "strikes," as discussed more fully below.

In two of the four recommendations in the other cases that defendants rely on, the district judge dismissed plaintiff's actions after determining him to be a three strikes litigant.  Those cases are:  *Bontemps v. Bayne, et al.,* E.D. Cal. Case No. 2:12-cv-2791 (*Bayne*) and *Bontemps v. Barnes,* E.D. Cal. Case No. 2:12-cv-02250 (*Barnes*).[1]  In the other two cases, the court reached the opposite conclusion.  In *Bontemps v. Salinas,* E.D. Cal. Case No. 2:12-cv-02185 (*Salinas*), the magistrate judge initially recommended that the motion to revoke IFP status be granted.  Shortly thereafter, the Ninth Circuit issued its opinion in *Knapp v. Hogan,* 738 F.3d 1106 (9th Cir. 2013), which clarified the circumstances under which a prior case may be deemed a "strike" under § 1915(g).  In light of *Knapp,* District Judge Nunley returned the case to the magistrate judge for reconsideration.  After analyzing the case under the reasoning of *Knapp,* the magistrate judge

/////

---

[1] The court takes judicial notice of the records in plaintiff's other court actions.  Fed. R. Evid. 201(b).

1    concluded that *Kramer II* could not be counted as a strike.  She accordingly recommended that

2    the motion to revoke IFP status be denied, and Judge Nunley adopted that recommendation.

3         In *Bontemps v. Callison*, E.D. Cal. Case No. 2:13-cv-0360 (*Callison*), the same magistrate

4    judge also recommended, pre-*Knapp*, that plaintiff's IFP status be revoked.  District Judge

5    Mueller declined to adopt the recommendation, concluding that the dismissals in plaintiff's prior

6    cases—where the complaint had been dismissed for failure to state a claim, plaintiff had been

7    given leave to amend, plaintiff had failed to amend, and the case had consequently been

8    dismissed—could not be considered strikes under § 1915(g) because they were dismissed for

9    "failure to prosecute" rather than "failure to state a claim."  Judge Mueller noted that the type of

10   conduct displayed by plaintiff in his prior cases (filing an inadequate complaint and then failing to

11   amend it) could be regulated through the court's discretionary authority to deny IFP status, but

12   concluded that plaintiff's past litigation did not amount to abuse and consequently allowed the

13   case to proceed.

14        Thus, the determinations of other judges regarding Bontemps's "three strikes" status,

15   while helpful, is not entirely uniform and provides conflicting guideposts for addressing the

16   circumstance presented here.  In the two cases where plaintiff was found to be a three strikes

17   litigant, the magistrate judges' recommendations (on which the final order was based) all pre-

18   dated *Knapp*.  And, as defense counsel is undoubtedly aware, there are differing opinions from

19   the Eastern District of California regarding whether a case that is dismissed after a plaintiff fails

20   to amend a complaint that had been found insufficient constitutes a strike under § 1915(g).  *See*

21   *Bontemps v. Barnes*, No. 2:12-cv-2249 DAD P, 2014 U.S. Dist. LEXIS 123595, at *4 (E.D. Cal.

22   Sept. 3, 2014) ("The undersigned notes that a myriad of issues surrounding the determination of

23   which dismissals count as a strike under § 1915(g) has, of late, consumed considerable judicial

24   resources in both the trial and appellate courts."), and *compare Bontemps v. Callison*, No. S-13-

25   0360 KJM AC P, 2014 U.S. Dist. LEXIS 67186, at *6-10 (E.D. Cal. May 15, 2014) (finding that

26   prior dismissals for "failure to prosecute" after the complaint had been found not to state a claim,

27   plaintiff had been given leave to amend, and plaintiff had failed to amend were not strikes under

28   § 1915(g)) *with Hudson v. Bigney*, No. 2:11-cv-3052 LKK AC P, 2013 U.S. Dist. LEXIS 167444,

1   at *7 (E.D. Cal. Nov. 22, 2013) ("A dismissal for failure to prosecute an action constitutes a strike

2   when it is based upon the plaintiff's failure to file an amended complaint after the original

3   complaint is dismissed for failure to state a claim.") (adopted in full by 2014 U.S. Dist. LEXIS

4   10539 (E.D. Cal. Jan. 28, 2014)).  The Ninth Circuit has addressed this issue directly only in a

5   non-precedential unpublished opinion, upholding a district court order that found such a case to

6   be a strike.  *Baskett v. Quinn*, 225 F. App'x 639, 640 (9th Cir. 2007); *see* Ninth Circuit Rule 36-

7   3(a) ("Unpublished dispositions and orders of this Court are not precedent[.]").

8          The court will accordingly review the cases submitted by defendants as purported strikes

9   under the language of § 1915(g) and the guidance provided by *Knapp* and other relevant

10  precedent.[2]  Section 1915(g) provides:

11            In no event shall a prisoner bring a civil action or appeal a judgment in a civil
              action or proceeding under this section if the prisoner has, on 3 or more prior
12            occasions, while incarcerated or detained in any facility, brought an action or
              appeal in a court of the United States that was dismissed on the grounds that it is
13            frivolous, malicious, or fails to state a claim upon which relief may be granted,
              unless the prisoner is under imminent danger of serious physical injury.
14

15  Pursuant to that section, a prisoner with three "strikes"—that is, three prior cases or appeals that

16  were dismissed as frivolous, malicious, or for failure to state a claim—cannot proceed in forma

17  pauperis.  *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).  To determine the reason for

18  a prior dismissal, a court must look at the order of dismissal and any other relevant information.

19  *Id.* at 1121; *Knapp*, 738 F.3d at 1109.  "[T]he procedural mechanism or Rule by which the

20  dismissal is accomplished, while informative, is not dispositive."  *Knapp*, 738 F.3d at 1109.  The

21  party challenging IFP status bears the burden of establishing that the prisoner has three strikes.

22  *Id.* at 1110.  If that party makes a prima facie showing of three strikes, the burden shifts to the

23  prisoner to rebut it.  *Id.*

24          In *Knapp*, the Ninth Circuit explained that it interprets dismissal for "'fail[ure] to state a

25  claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of

26

27          [2] It is no small irony that a rule presumably intended to preserve scarce resources has
    consumed so much attention.  It would appear that in some instances addressing the merits in a
28  dispositive motion would have consumed less time and effort.

1  Civil Procedure 12(b)(6) dismissal." *Id*. (citing *Moore v. Maricopa Cnty. Sheriff's Office*, 657

2  F.3d 890, 893 (9th Cir. 2011)).  It then addressed the question of whether and when a dismissal

3  for violation of Federal Rule of Civil Procedure 8(a)'s "short and plain statement" requirement

4  could constitute a strike under § 1915(g).  *Id*. at 1110-11.  The court noted that "there are multiple

5  ways that [Rule 8(a)] can be violated."  738 F.3d at 1109.  The court observed that a complaint

6  can violate the rule by saying too little (pointing to the threshold allegations required under the

7  *Iqbal* line of cases), or by saying too much (pointing to cases in which dismissal under Rule 8 was

8  affirmed because of "[p]rolix, confusing complaints" which "impose unfair burdens on litigants

9  and judges.").  *Id*. The court emphasized that it looks to the underlying reason for the dismissal to

10  determine whether it falls within Section 1915(g)'s three strikes rule.  "This means that the

11  procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not

12  dispositive."  *Id*. at 1109.  Thus, as the court in *Knapp* instructs, a Rule 8(a) dismissal is neither

13  categorically included nor excluded from counting as a § 1915(g) "strike."  Rather, each dismissal

14  under Rule 8(a) must be assessed independently: did the dismissal "result from the court's

15  appraisal of the merits of the case (i.e., was it 'frivolous' or did it 'fail to state a claim'), or did the

16  dismissal result from an appraisal of the prisoner's state of mind (i.e., 'malicious')?"  *Id*. at 1109-

17  10.  As discussed below, the dismissals at issue here resulted from the dismissing court's

18  appraisal of the merits.

19          As for the dismissals at issue in *Knapp,* in each instance Knapp was informed that the

20  complaint violated the "short and plain statement" requirement of Rule 8(a) but failed to correct

21  the violation.  *Id*. at 1110.  The Ninth Circuit concluded that a dismissal for violation of that

22  aspect of Rule 8(a) constitutes a strike if the violation has been repeated after leave to amend has

23  been granted:

24          [A]fter an incomprehensible complaint is dismissed under Rule 8 and the plaintiff
          is given, but fails, to take advantage of the leave to amend, the judge is left with a
25          complaint that, being irremediably unintelligible, gives rise to an inference that
          the plaintiff could not state a claim.  When a litigant knowingly and repeatedly
26          refuses to conform his pleadings to the requirements of the Federal Rules, it is
          reasonable to conclude that the litigant simply *cannot* state a claim.
27

28  738 F.3d at 1110 (internal quotation marks and citations omitted, emphasis in original).

With these principles in mind, the court turns to the three prior cases filed by plaintiff at issue here:

- *Bontemps v. Kramer,* E.D. Cal. Case No. 2:06-cv-2483 (*Kramer I*).  In *Kramer I*, the court dismissed the complaint on screening with leave to amend.  ECF No. 74-2 at 29.  Plaintiff had filed two complaints.  The original complaint named defendants Kramer, Poole, and Pulley.  *Id.* at 26.  The court determined that plaintiff had made no allegations in either complaint against Kramer and Poole.  *Id.*  His factual allegations against Pulley failed to state a cognizable claim under the governing legal standard.  *Id.* at 27.  Accordingly, the complaint was dismissed.  *Id.* at 29.  When plaintiff failed to file an amended complaint, the action was dismissed with citation to Local Rule 11-110[3] and Federal Rule of Civil Procedure 41(b).[4]  *Id.* at 31, 35.  Thus, both an original and amended complaint were found to fail to state a claim upon which relief could be granted, but the procedural rules cited in the order terminating the case were for failure to prosecute by not filing another amended complaint.

- *Bontemps v. Kramer*, E.D. Cal. Case No. 2:06-cv-2580 (*Kramer II*).  In *Kramer II*, the court again dismissed plaintiff's complaint on screening, giving leave to amend.  ECF No. 74-2 at 46.  The court found that the complaint failed to make any factual allegations against defendant Kramer.  *Id.* at 43.  Plaintiff's allegations failed to state a viable

---

[3] That rule is now renumbered as Local Rule 110.

[4] Local Rule 11-110 provided:

> Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

6

retaliation claim against defendant Pulley. *Id.* at 43-44. Plaintiff had also failed to state a viable claim under the Americans with Disabilities Act. *Id.* at 44. Plaintiff's claim for injunctive relief had been rendered moot by a transfer to a new prison. *Id.* at 45. Because the complaint failed to state a claim it was dismissed, but the dismissal was with leave to amend. Plaintiff again failed to file an amended complaint. *Id.* at 48. The order finally ending the action cited to Local Rule 11-110 and Federal Rule of Civil Procedure 41(b). *Id.* at 51-52.

- *Bontemps v. Gray*, E.D. Cal. Case No. 2:07-cv-2115 (*Gray*). As in both *Kramer* cases, the court in *Gray* dismissed plaintiff's complaint with leave to amend for failure to state a claim. *Id.* at 61. The court concluded that the facts alleged failed to state a claim under the Constitution. *Id.* at 59-60. Once again, plaintiff failed to file an amended complaint, and the case was dismissed with citation to Local Rule 11-110 and Federal Rule of Civil Procedure 41(b). *Id.* at 63-67.

Each of the three cases involved complaints that were dismissed after the court's appraisal of the sufficiency of the allegations to state a claim upon which relief may be granted. They were found insufficient and the complaints were dismissed with leave to amend. Plaintiff failed to submit any further amended complaints and the orders finally terminating those three cases cited to Local Rule 11-110 and Federal Rule of Civil Procedure 41(b) (rules which address dismissal for failure to obey a court order or prosecute a case). Thus, the question presented is whether they qualify as strikes for having been dismissed failure to state a claim even though leave to amend was granted but not pursued.

*Knapp* makes clear that the citations in the dismissal orders are to the procedural mechanism by which the cases were ultimately terminated but are not determinative of the "strikes" question. *Knapp*, 738 F.3d at 1109-10. Rather, the court must consider the reason underlying the dismissal order. *Id.* On that question, it is undeniable that the underlying reason for the dismissals in all three cases turned on the dismissing court's appraisal of the merits of the

/////

/////

7

1   complaint under a Rule 12(b)(6) standard.[5]  The language of the initial screening orders on which

2   final dismissal was based is plainly stated—the complaints were dismissed because the facts

3   alleged in those complaints failed to state a claim upon which relief could be granted, a

4   fundamental threshold of merit that any plaintiff must satisfy to proceed with a case.

5        In each instance, plaintiff was afforded the opportunity to cure the defects.  If there were

6   additional facts that could have made plaintiff's claims viable, plaintiff was given the

7   opportunity to present them.  He did not.  The rub of the problem is determining which way, if

8   any, that cuts for purposes of Section 1915(g).  The analysis adopted in *Bontemps v. Salinas,*

9   E.D. Cal. Case No. 2:12-cv-2185 (*"Salinas"*) (*see* ECF Nos. 40 and 44 therein) focuses on the

10  fact that by not filing an amended complaint the plaintiff does not repeat the Rule 8 violation

11  within the same case.  In concluding that Bontemps's filings in *Kramer I* should not constitute a

12  strike, *Salinas* reads *Knapp* as dictating that only where there the previously dismissed case

13  under consideration "involved persistent filing of non-compliant complaints despite repeated

14  warnings about the requirements of Rule 8" should the ultimate dismissal of the action count as a

15  strike under the statute.  *Salinas,* ECF No. 40 at 5.  There is support for that view in *Knapp.*  The

16  *Salinas* analysis emphasizes the "repeated and knowing" language of *Knapp*[6] in concluding that

17  the dismissal of Bontemps's complaint in *Kramer I* is not a strike.  *Salinas,* ECF No. 40 at 5

18  (noting that Bontemps received a "single warning and did not thereafter file complaints that

19  continued to violate Rule 8" and concluding that "[a]ccordingly, the dismissal of the action

20  amounted to a simple dismissal for failure to prosecute, rather than a dismissal for repeated

21  disobedience of Rule 8 and of the district court's orders, as in *Knapp*.).  But *Knapp* admonishes

22

23      [5] Had the dismissing court found plaintiff's complaint to state a claim, there never would
    have been a question of whether he must file an amended complaint, nor the ancillary question of

24  whether his failure to do so provides a second reason for the dismissal, i.e. failure to prosecute
    and failure to comply with the court's order to file the amended complaint.

25

26      [6] "We hold that dismissals following the repeated violation of Rule 8(a)'s 'short and plain
    statement' requirement, following leave to amend, are dismissals for failure to state a claim under

27  § 1915(g).  While past cases have found that this type of strike is accrued by a Rule 12(b)(6)
    dismissal, they do not hold that this is the only possible way."  *Knapp,* 738 F.3d at 1110 (citing

28  *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893 (9th Cir. 2011)).

1    that that the procedural mechanism or Rule by which the dismissal is accomplished is not

2    dispositive, and ultimately instructs that the determinative question is instead whether the reason

3    underlying the ultimate dismissal involved "the court's appraisal of the merits of the case (i.e.,

4    was it 'frivolous' or did it 'fail to state a claim')."  738 F.3d at 1109.  Indeed, in the sentences

5    immediately following the "repeated and knowing" language, the Ninth Circuit adopted as

6    "persuasive" the Seventh Circuit's analysis in *Paul  v. Marberry,* stating that "after an

7    incomprehensible complaint is dismissed under Rule 8 and the plaintiff is given, but fails, to take

8    advantage of the leave to amend, 'the judge [is] left with [ ] a complaint that, being irremediably

9    unintelligible, [gives] rise to an inference that the plaintiff could not state a claim.'"  *Knapp,* 738

10   F.3d at 1110 (quoting *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011)).  The analysis of

11   *Paul* adopted by the Ninth Circuit further clarifies: "But when, as in each of the three cases on

12   which the judge in the present case based his three-strike finding, the plaintiff is told to amend

13   his unintelligible complaint and fails to do so, the proper ground of dismissal is not want of

14   prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike

15   against a prisoner plaintiff."  *Paul v. Marberry*, 658 F.3d at 705.

16        Applying *Knapp* and *Paul* here, the fact that each of the previously-dismissed complaints

17   was reviewed for potential merit and assessed by the court as failing to state a claim is

18   unavoidable.  This court, in evaluating each previously-dismissed actions for purposes of the

19   three strikes rule under the statute, cannot ignore that each of the earlier complaints was

20   specifically found to have failed to state a claim.  While the procedural rules cited in the orders

21   finally terminating the actions relate to failure to prosecute (rather than failure to state a claim),

22   the complaints in all three actions were evaluated on initial screening, found to be inadequate

23   because their allegations did not articulate facts that could present a cognizable claim, and the

24   cases were finally terminated because plaintiff – in spite of the opportunity to do so – never did

25   file a complaint that satisfied Rule 12(b)(6).  Neither can the court ignore that the screening of

26   each complaint consumed court resources that the statue purports to preserve under the three

27   strikes rule.  While Bontemps did not submit amended complaints, that fact does not undo what

28   transpired leading to the dismissal for failure to state a claim.  The repeated filing of non-

cognizable claims and abandonment of those claims as soon as they are deemed non-cognizable

imposes significant burdens on the courts.  Section 1915(g) was enacted to address just such

activity:

> In assessing the constitutionality of § 1915(g), we recognized that the Act's three-strike rule 'was enacted to curtail the extraordinary costs of frivolous prisoner suits and minimize such costs to the taxpayers.'  *Rodriguez v. Cook*, 169 F.3d 1176, 1181 (9th Cir. 1999) ("[P]risoners file a disproportionate number of frivolous suits…because of 'potential gains and low opportunity costs.'… Requiring prisoners to pay filing fees for suits will force them to go through the same thought process non-inmates go through before filing suit, i.e., is filing this suit worth the costs?" (internal citation omitted)).  The animating concern was obvious: too many prisoner lawsuits were wastes of the courts' valuable time. H.R. Rep. No. 104-21 (1995), at 7 ("Too many frivolous lawsuits are clogging the courts, seriously undermining the administration of justice.").

*Knapp,* 738 F.3d at 1110-11.

Looking to each of the prior dismissals involved here, at bottom lies a complaint in each case with allegations that could not support a cognizable claim and therefore could not proceed under a Rule 12(b)(6) standard which, under the reasoning of *Knapp*, is the very core of the three strikes provision in Section 1915(g).  Accordingly, the undersigned finds that *Kramer I*, *Kramer II*, and *Gray* should count as "strikes" under § 1915(g); each having been dismissed because plaintiff failed to state a claim upon which relief could be granted.

Defendants have met their burden of establishing that plaintiff's IFP status should be revoked, and plaintiff has presented no evidence or argument rebutting that conclusion. (Plaintiff simply argues that the court has already denied the prior motion to revoke IFP status and should similarly deny this one.  ECF No. 79.)

**III. Recommendation**

For the reasons stated above, it is hereby RECOMMENDED that:

1. Defendant Sotak's March 4, 2014 motion to revoke plaintiff's IFP status (ECF No. 74) be granted;

2. The court's order of February 1, 2010 (ECF No. 9) granting IFP status be vacated and plaintiff's IFP status revoked; and

/////

/////

10

1          3.  Plaintiff be required to furnish the statutory filing fee of $350[7] to proceed with this

2              action and be admonished that failure to pay the filing fee within thirty days of any

3              order adopting this recommendation will result in dismissal of this action.

4          These findings and recommendations are submitted to the United States District Judge

5   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6   after being served with these findings and recommendations, any party may file written

7   objections with the court and serve a copy on all parties.  Such a document should be captioned

8   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

9   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

10  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11  DATED:  February 25, 2015.

12

13                              EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27
_____

28      [7] Although the civil case filing fee is now $400.00, it was $350.00 at the time that plaintiff
    initiated this action.

11