UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>Plaintiff,<br><br>v.<br><br>SOTAK et al.,<br><br>Defendants. | No. 2:09-cv-2115-MCE-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants jointly move to modify scheduling order and to compel plaintiff's deposition. ECF Nos. 112 and 113. Plaintiff moves for summary judgment. ECF No. 117. For the reasons stated below, defendants' motion to compel is granted in part, defendants' motion to modify scheduling order is granted, and it is recommended that plaintiff's motion for summary judgment be denied.

### Joint Motion to Compel

Defendants request an order compelling plaintiff to: (1) attend and cooperate in his deposition by providing truthful, complete, and non-evasive responses to defendants' questions; (2) produce documents requested by defendants in the deposition notice; and (3) pay monetary sanctions in the amount of $4,438.25 based on his conduct during his previous deposition.

/////

1

The court has reviewed the transcript of the February 6, 2018 attempt to depose plaintiff. It shows conduct by the plaintiff that is inexcusable.[1] From the beginning of the deposition plaintiff proved combative and evasive. He consistently interrupted questioning counsel, flatly refused to answer questions, and professed a lack of understanding as to the most basic terms. For instance, during one exchange counsel sought to learn whether plaintiff had been employed after he was discharged from the military. It proceeded thusly:

> **Q.** **After the services, what did you do after you were discharged?**
>
> A. I don't feel I understand what you're asking me.
>
> **Q.** **After you were discharged from the military, did you go to work?**
>
> A. I don't feel I'm understanding what you're asking.
>
> **Q.** **Were you employed in any capacity after you were discharged from the military?**
>
> A. I don't feel I understand what you're asking.
>
> **Q.** **Do you know what the word "employed" means?**
>
> A. I don't feel I'm understanding what you're saying.
>
> **Q.** **Did you have any jobs after you were discharged from the military?**
>
> A. I don't feel I understand what you're saying.

ECF No. 112-2 at 14. During another exchange, counsel asked plaintiff why he was suing Dr. Smith:

> **Q.** **Why are you suing Dr. Smith?**
>
> A. Same reason I'm suing Dr. Sotak.
>
> **Q.** **And –**

/////

---

[1] At the beginning of his deposition, plaintiff claimed that he suffers from post-traumatic stress and bipolar disorder. ECF No. 112-2 at 12. Defendants' counsel tried to inquire whether those conditions would prevent him from testifying at his deposition, but plaintiff refused to answer this question, going so far as to state that it was "none of your business." *Id.* And no filings before this court offer these conditions as an excuse for plaintiff's evasive behavior at his deposition, let alone provide any medical evidence to support such an argument.

2

| | | |
|---|---|---|
| 1 | A. | Because they was both - - they both advised or medically advised or professionally advised to treat me while I was their custody and they failed to do that. |
| 2 | | |
| 3 | **Q.** | **What did Dr. Smith fail to do?** |
| 4 | A. | Numerous things, can I be specific? No. He supposed to act in a professional manner and consult his self in a professional manner and take care of what he's licensed to do while he was doing his job. He did not do that. This is why we are here today. |
| 5 | | |
| 6 | | |
| 7 | **Q.** | **Okay. Can you tell me what he did?** |
| 8 | A. | No, I can't. I don't remember. I don't recall. |
| 9 | **Q.** | **You don't remember anything –** |
| 10 | A. | I don't recall. |
| 11 | **Q.** | **--that Dr. Smith did that caused you to sue him today?** |
| 12 | A. | I don't recall. I don't feel like – I don't feel like you're asking questions that I understand. |
| 13 | | |
| 14 | . . . | |
| 15 | **Q.** | **Are you suing –** |
| 16 | A. | No. I'm suing him for the reasons that he didn't provide medical treatment like he's supposed to; that he's trained to do in a professional manner; that he's trained to do that he's paid by the state of California to do; that his job requires him to do that. |
| 17 | | |
| 18 | | |
| 19 | **Q.** | **How do you know?** |
| 20 | A. | Excuse me? |
| 21 | **Q.** | **How do you know he didn't do it?** |
| 22 | A. | Because that's basic common sense. |
| 23 | **Q.** | **Explain.** |
| 24 | A. | And then – and then – it's basic common sense because this is what the job that he took and this is what it says he has to do and he didn't do it. |
| 25 | **Q.** | **What did it say he had to do?** |
| 26 | A. | Excuse me? |
| 27 | **Q.** | **What was it –** |
| 28 | | |

> A. He had to provide adequate medical care for state prisoners or prisoners involved in his care, which is called a primary care provider. Do you understand what that is?

*Id.* at 54.

Depositions are governed by Federal Rule of Civil Procedure 30, which states in pertinent part that "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ." Fed. R. Civ. P. 30(a)(1). Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent. And under Rule 37, this court has the authority to compel a party to respond to discovery where they fail to adequately respond to questions put to them at a deposition. Fed. R. Civ. P. 37(a).

Plaintiff's opposition to defendants' motion to compel is one page, nearly illegible, and makes no relevant or persuasive arguments. ECF No. 115. It appears to argue that defendants are not entitled to production of documents because they can obtain those documents from the California Department of Corrections and Rehabilitation ("CDCR"). *Id.* at 1. As defendants point out in their reply, however, they are not seeking plaintiff's general files – i.e. his central file or medical records; rather, they are requesting documents in plaintiff's possession which relate to the subject matter of his claims and which he intends to use at trial. ECF No. 118 at 2. And they note that the claims against defendant Sotak arose at Sacramento County Jail and any pertinent documents would not be in the possession of the CDCR. *Id.*

Plaintiff has shown no justification for his behavior at the earlier attempt to take his deposition, conduct which clearly violates Rule 30(d)(2). Accordingly, plaintiff is directed to appear for a second deposition and produce the documents identified in exhibit A to defendants' motion (ECF No. 112-2 at 5-6). Although the court declines to impose monetary sanctions on plaintiff at this time,[2] plaintiff is admonished that any further violations of his discovery obligations or the court's orders will result in either evidentiary or terminating sanctions that will

---

[2] Plaintiff is an inmate proceeding pro se and in forma pauperis and is almost certainly unable to pay the monetary sanctions requested by defendants, a factor that is properly considered. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). If, however, plaintiff fails to appear at his second deposition or fails to cooperate in the same, the court will recommend that this action be terminated for failure to obey a court order.

either preclude plaintiff from submitting any testimony (either at summary judgment or trial) or an order for dismissal of this action with prejudice.

## Motion to Modify Scheduling Order

In light of their pending motion to compel, defendants request a modification of the scheduling order to allow them sixty days, following the court's ruling on this motion, in which to complete plaintiff's deposition. They also request that the deadline for filing dispositive motions be extended three months past the new discovery cut-off. In light of plaintiff's failure to cooperate in his first deposition, this motion is granted.

## Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment is incoherent.[3] It begins with a one page, hand-written "notice of motion" wherein he claims that there are no genuine issues of material fact. ECF No. 117 at 4. He then attaches a recycled brief which appears to address issues related to his previous appeal of the district court's order revoking his in forma pauperis status. *Id.* at 5-50. Indeed, the final page of that brief reads "[f]or the foregoing reasons, Mr. Bontemps respectfully requests that the judgment below be reversed and the case remanded for summary judgment." *Id.* at 50. It only reads as such, however, because plaintiff has crossed out the final words and substituted "summary judgment." *Id.* Plaintiff's appeal on the revocation of his IFP status has already been decided in favor (ECF No. 103-104) and nothing in this recycled brief addresses the question of whether issues of disputed fact remain in this case. Thus, this motion should be denied without prejudice to plaintiff filing a renewed, properly-supported motion for summary judgment at or before the close of the deadline for filing dispositive motions.

## Conclusion

1. Defendants' Motion to Compel (ECF No. 112) is GRANTED in part:
    a. The parties shall meet, confer, and agree on a date for plaintiff's second deposition, to be taken within sixty days of this order's entry;

/////

/////

---

[3] Defendants have filed an opposition which also makes this point. ECF No. 120.

   b. Plaintiff shall provide documents responsive to defendants' requests (as identified above); and

   c. Defendants' requests for monetary sanctions are DENIED.

 2. Defendants' motion to modify the scheduling order (ECF No. 113) is GRANTED. Defendants have sixty days from the date of this order's entry to complete plaintiff's deposition and the new deadline for filing dispositive motions is three months beyond the end date of that sixty day extension.

Further, it is RECOMMENDED that plaintiff's motion for summary judgment (ECF No. 117) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 18, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE