1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GREGORY C. BONTEMPS,                    No.  2:09-cv-2115-MCE-EFB P

12               Plaintiff,

13        v.                                 FINDINGS AND RECOMMENDATIONS

14   SOTAK, et al.,

15               Defendants.

16

17         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  He alleges that defendants Smith and Sotak provided inadequate medical care

19   during his incarceration at the Sacramento County Jail.  ECF No. 24.  Pending before the court is

20   defendants' Joint Motion for Terminating Sanctions or Involuntary Dismissal (ECF No. 126).

21   Plaintiff has filed an opposition (ECF No. 130) and defendants have filed a reply (ECF No. 131).

22   For the reasons stated below, defendants' motion should be granted.

23        **I.    Background**

24         Defendants previously requested an order compelling plaintiff to: (1) attend and cooperate

25   in his deposition by providing truthful, complete, and non-evasive responses to defendants'

26   questions; (2) produce documents requested by defendants in the deposition notice; and (3) pay

27   monetary sanctions in the amount of $4,438.25 based on his conduct during his first deposition.

28   ECF No. 112.  That motion was granted in part based on the finding that plaintiff's conduct at the

                                              1

first deposition was "combative and evasive," inexcusable, and in violation of Rule 30(d)(2) of the Federal Rules of Civil Procedure. ECF No. 121. The court ordered plaintiff to provide responsive documents at a second deposition. In light of plaintiff's incarceration and pro se status, the court denied defendants' request for monetary sanctions. However, plaintiff was warned that continued failure to cooperate in a second deposition would result in a recommendation that this case be terminated due to his failure to obey a court order. *Id.* at 4-5.

On September 14, 2018 defendants filed the instant motion for terminating sanctions. ECF No. 126. Defendants state that they re-noticed plaintiff's deposition, that plaintiff made no objection prior to the deposition, yet once again refused to cooperate. ECF No. 126-2 ¶ 3; ECF No. 126-3 at ¶ 4. At the beginning of the deposition, plaintiff announced that it could "not go forward" because he had twice been "touched in an inappropriate manner" by CDCR physicians. ECF No. 126-2, Ex. C at 5, 7-8. He added that he was in "severe pain" and that his hearing aids were not working correctly. *Id.* at 8. When defense counsel attempted to speak, plaintiff interrupted, declaring, "Excuse me, I'm not through yet." *Id.* He went on to express his view that CDCR was "covering up" the inappropriate touching by transferring him from prison to prison in an effort to keep plaintiff from making his allegations public. *Id.* He concluded, "Now, so with that said on the record, I'm out of here." *Id.* at 9. Thereafter, when defense counsel attempted to question plaintiff, he became hostile and aggressive in his manner and made it clear he was leaving and would not cooperate with the deposition. *Id.* at 9-10; ECF No. 126-2 ¶ 5; ECF No. 126-3 ¶ 6. Despite the court's order with respect to defendants' motion to compel, plaintiff produced no documents. ECF No. 126-2 ¶ 5.

Based on plaintiff's conduct at his first deposition and his refusal to cooperate in the second deposition, in direct violation of the court's order, defendants argue it would be futile to attempt a third deposition. ECF No. 126-1 at 4. To date, the costs incurred in defending against plaintiff's lawsuit exceed $100,000. ECF No. 126-2 ¶ 8; ECF No. 126-3 ¶ 7.

/////

/////

/////

2

## II.    Legal Standards

Federal Rule of Civil Procedure 16(f) states:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to obey a scheduling or other pretrial order.

Federal Rule of Civil Procedure 37(b)(2)(A) states:

> The court . . . may issue further just orders.  They may include the following:

> . . .

> dismissing the action or proceeding in whole or in part . . .

The U.S. Court of Appeals for the Ninth Circuit has held that five factors are to be considered before imposing the sanction of dismissal, namely:

> (1) the public's interest in expeditious resolution of litigation;

> (2) the court's need to manage its docket;

> (3) the risk of prejudice to the other party;

> (4) the public policy favoring disposition of cases on their merits;

> and

> (5) the availability of less drastic sanctions.

*Leon v. IDX Systems*, 464 F.3d 951 (9th Cir. 2006) (upholding terminating sanctions for willful destruction of evidence).  When a court's order is violated, the first two factors will militate in favor of dismissal, while the fourth will weigh against.  *Adriana Intl. Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990); *see also Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  As to the third factor, a party must establish that their adversary's actions impaired their ability to proceed to trial or threatened to interfere with the rightful decision of the case.  *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987).  Finally, with regard to the availability of lesser sanctions, the court must consider whether:

> (1) the court explicitly discussed the feasibility of less drastic sanctions

> and explained why alternative sanctions would be inappropriate;

> (2) the court implemented alternative sanctions; and

> (3) the court warned the disobedient party of the possibility of dismissal before ordering the dismissal.

*Adriana Intl. Corp.*, 913 F.2d at 1412-1413.

### III. Analysis

On July 18, 2018, the court granted defendants' motion to compel to the extent that (1) the parties were directed to meet, confer, and agree on a date for plaintiff's second deposition, and (2) plaintiff was directed to provide documents responsive to defendants' requests for production. ECF No. 121 at 5-6. The order specifically warned that if plaintiff failed to cooperate at his second deposition, this action could be terminated for failure to obey a court order. *Id.* at 4 n.2.

It is clear from defendants' motion that plaintiff adamantly refused to participate in the second deposition from the moment it began. Plaintiff offers no rational explanation and certainly no justification for his unwillingness to cooperate. In his opposition, he claims that the inappropriate touching he referenced at the second deposition (noticed on August 7, 2018 and held on August 27, 2018) excuses his failure to cooperate. ECF No. 126-2 ¶¶ 2-3. It does not. The allegation of misconduct has nothing to do with the claims in this case or with the deposition itself. Even if it did, plaintiff could have promptly raised his objection after receipt of defendants' August 7, 2018 notice of deposition. *See* ECF No. 130 at 6 (suggesting that the first instance of alleged misconduct occurred over seven months prior to the notice of second deposition, on December 27, 2017); *id.* at 2 (alleging a second instance of misconduct on April 27, 2018, over three months prior to the second notice of deposition). He also could have succinctly stated his objection on the record and then proceeded with the deposition. Instead, after defendants had incurred the costs of hiring a court reporter and traveling to the prison a second time for plaintiff's deposition, plaintiff refused to cooperate, interposing this nonsensical objection and preventing the deposition from being completed. ECF No. 131 at 2.

Plaintiff also objected at the second deposition citing "severe pain" and a defective hearing aid. However, he fails to substantiate these objections with any evidence and abandons these objections in his opposition. Instead, plaintiff claims for the first time, that he could not go forward with the second deposition because of depression and post-traumatic stress disorder

caused by the alleged inappropriate touching.  ECF No. 130 at 2-3.  Again, these objections are unsubstantiated.  Further, plaintiff does not explain why he failed to voice these objections at the second deposition or better yet, in advance of the second deposition.

In short, plaintiff fails to show how the alleged instances of inappropriate touching relieve him from his discovery obligations.  Plaintiff was warned that his continued failure to cooperate with his deposition would result in dismissal.  ECF No. 121 at 4 n.2.  Nothing in his opposition justifies his refusal to cooperate with the court's order or excuses his non-compliance with discovery.

The court does not lightly undertake the recommendation of terminating sanctions.  Nevertheless, they appear necessary in this case.  Plaintiff has failed to comply with this court's discovery orders, thus the first two of the Ninth Circuit's factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket - are met.  *See Adriana Intl. Corp.*, 913 F.2d at 1412.  And defendants have adequately shown a risk of prejudice.  Unreasonably delaying the litigation by failing to produce documents and refusing to be deposed, as ordered by the court, is sufficient to show prejudice.  *See In re: Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006).

While public policy does favor disposition of cases on the merits, courts have recognized that:

> [A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Thus, we have also recognized that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.

*Id.* at 1228.  Given that it is plaintiff's conduct which has impeded the progress of this case, the court finds that this factor does not weigh in favor of a lesser sanction.

Finally, the court has previously considered the less drastic sanction of monetary sanctions to obtain plaintiff's compliance and found it wanting.  The less drastic sanction of evidentiary sanctions would also be inadequate, as the allegations forming plaintiff's Eighth Amendment medical claims are quite vague.  *See* ECF No. 24 (Fourth Amended Complaint).  Defendants

5

cannot be expected to move forward without discovery specifying the basis for plaintiff's claims and clarifying when and where the alleged civil rights violations occurred. Further, the explicit warning to plaintiff that his failure to comply with discovery orders would result in dismissal, was ineffective. In the July 18, 2018 order on defendants' motion to compel, the court wrote:

> Plaintiff is an inmate proceeding pro se and in forma pauperis and is almost certainly unable to pay the monetary sanctions requested by defendants, a factor that is properly considered. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). If, however, plaintiff fails to appear at his second deposition or fails to cooperate in the same, *the court will recommend that this action be terminated for failure to obey a court order.*

ECF No. 121 at 4 n.2 (emphasis added). This passage also demonstrates that plaintiff was, in no uncertain terms, warned about the possibility of terminating sanctions.

**IV.    Conclusion**

Based on the foregoing, it is RECOMMENDED that defendants' motion for terminating sanctions (ECF No. 126) be GRANTED and this case be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 12, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE